**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4213**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

CURTIS RICHARDSON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:15-cr-00492-RBH-1)

Submitted:  November 18, 2021          Decided:  November 23, 2021

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Richardson appeals the district court's judgment revoking his supervised release and sentencing him to 12 months and 1 day of imprisonment with no further supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court adequately explained its reasons for the chosen sentence. Richardson has filed a pro se supplemental brief and additional supplements raising various issues. The Government has declined to file a brief. We affirm.

We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable

2

if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court correctly calculated Richardson's policy statement range, afforded him an opportunity to argue for an appropriate sentence, and considered the relevant § 3553(a) factors in arriving at his sentence. While the court's stated reasoning was brief and to the point, it ultimately granted Richardson the below-policy statement range sentence that he and the Government had agreed on. We therefore find the revocation sentence both procedurally and substantively reasonable. *Coston*, 964 F.3d at 297.

Next, we have considered each of Richardson's pro se claims and conclude they are without merit. With respect to his allegations of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). As the record does not conclusively demonstrate that counsel was ineffective, Richardson's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entirety of the record and found no meritorious grounds for appeal. We therefore deny Richardson's motion to relieve counsel, and affirm the district court's judgment. This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that

3

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*